IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MIDWEST OFFICE, INC., <br><br>     Plaintiff, <br><br><br><br><br><br><br> vs. <br><br><br><br> RHB DIRECT, LLC, dba OFFICE FURNITURE BLOWOUT, <br><br>     Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S REQUEST TO SET ASIDE DEFAULT AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT, PERMANENT INJUNCTION, AND TO STRIKE <br><br><br><br><br><br> Case No. 2:08-CV-966 TS |

      This matter comes before the Court on Midwest Office, Inc.'s ("Plaintiff" or "MWO") Motion for Default Judgment, Motion for Permanent Injunction, and Motion to Strike Defendant's Answer, and Office Furniture Blowout's ("Defendant" or OFB) Request to Set Aside Default Certificate.  Because Defendant has shown good cause, the Request to Set Aside Default Certificate will be granted and Plaintiff's Motions for Default Judgment, Permanent Injunction, and to Strike will be denied.

I. INTRODUCTION

MWO filed this action against OFB on December 18, 2008.[1] Defendant failed to respond and Plaintiff filed a Motion for Entry of Default on January 14, 2009.[2] A Default Certificate was entered on January 15, 2009. Defendant filed an Answer on February 3, 2009.[3] Plaintiff filed a Motion to Strike, Motion for Default Judgment, and Motion for Permanent Injunction on February 4, 2009.[4] On March 11, 2009, OFB filed a Request to Set Aside Default Certificate.[5] OFB argues that the Default Certificate should be set aside and the matter should be addressed on its merits. MWO argues that the Default Certificate should not be set aside because Defendant's arguments are insufficient.

II. DISCUSSION

Fed.R.Civ.P. 55(c) provides that "[t]he court may set aside an entry of default for good cause . . . ." "[I]t is well established that the good cause required by Fed.R.Civ.P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable

---

[1] Docket No. 1.

[2] Docket No. 7.

[3] Docket No. 11.

[4] Docket No. 14.

[5] Docket No. 22.

neglect which must be shown for relief from judgment under Fed.R.Civ.P. 60(b)."[6] Default judgments are disfavored by the courts.[7]

"The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense."[8]

First, the Court must consider whether the default was the result of culpable conduct of the defendant. "Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default."[9] The Court does not find that Defendant's failure to answer was the result of culpable conduct. Rather, Defendant states in its affidavit that owner Mark Legones was confused as to what party was being sued because Plaintiff's Complaint misnamed Defendant.[10] Additionally, Defendant's Counsel states that he was unavailable to confer with Defendant and correct this confusion because of a surprise medical condition.[11]

Next, the Court must determine whether Plaintiff would be prejudiced if the default were set aside. "The most common type of prejudice is the additional expense caused by the delay,

---

[6]*Dennis Garberg & Assocs., Inc. V. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).

[7]*See Katzson Bros., Inc. V. United States EPA*, 839 F.2d 1396, 1399 (10th Cir. 1988).

[8]*Hunt v. Ford Motor Co.*, 65 F.3d 178, 1995 WL 523646 at *3 (10th Cir. 1995).

[9] *Id.*

[10]Docket. No. 21, Ex. A.

[11]*Id.*, Ex. B.

the hearing on the Rule 55(c) motion, and the introduction of new issues."[12]  The Court finds that Plaintiff will be prejudiced in the amount of its costs and attorney's fees incurred in connection with the default.  Thus, the Court conditions the setting aside of the Default Certificate on the condition that Defendant pay Plaintiff's attorney fees incurred in connection with the default.

Finally, the Court must consider whether Defendant has presented a meritorious defense.  "Defendant does not need to demonstrate a likelihood of success on the merits, but rather, defendant's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense."[13]  Here, Defendant has filed an Answer[14] that advances a number of meritorious defenses, including non-infringement and failure to state a claim.  Thus, the Court finds that Defendant has presented a meritorious defense.

Based on the above, the Court will set aside the Default Certificate issued on January 15, 2009.  Plaintiff's Motion to Strike Defendant's Answer, Motion for Default Judgment, and Motion for Permanent Injunction will be denied.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Request to Set Aside Default Certificate (Docket No. 25) is GRANTED.  It is further

---

[12] *Bizjet Int'l Sales, and Support, Inc, v. Aero Toy Store, LLC*, No. 08-CV-242-TCK-PJC, slip op., 2008 WL 5083536, at *5 (N.D.Okla. Nov 26, 2008) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2700 (3d ed. 1998).

[13] *Fink v. Swisshelm*, 185 F.R.D. 353, 355 (D. Kan. 1999).

[14] Docket No. 11.

ORDERED that Plaintiff's Motion to Strike Defendant's Answer (Docket No. 13) is DENIED and the Court will consider the Answer as filed. It is further

ORDERED that Plaintiff's Motion for Default Judgment (Docket No. 14) and Plaintiff's Motion for Permanent Injunction (Docket No. 14) are DENIED. It is further

ORDERED that Plaintiff is granted reasonable attorney fees directly incurred in relation to the default, and Plaintiff shall file an appropriate request and itemization within 10 days of the entry of this order.

DATED   May 14, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge