IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MIDWEST OFFICE, INC., <br><br> Plaintiff, <br><br><br> vs. <br><br><br> RHB DIRECT, LLC, dba OFFICE FURNITURE BLOWOUT, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER ON NOTICE OF CORRECTED CAPTION <br><br><br><br><br> Case No. 2:08-CV-966 TS |

This matter is before the Court on Plaintiff's Notice of Corrected Caption. It appears that the Notice attempts to change the defendant by changing the caption. As noted in the proceedings to set aside a default, there was some confusion in this case as which entity was sued, with Defendant arguing that the wrong entity had been sued.[1] In its Memorandum Decision setting aside the default, the Court made no finding regarding the entity that is doing business as Office Furniture Blowout. Instead, it found that the default was not the result of culpable conduct because Defendant argued

---

[1] Docket No. 26, at 3.

that the Defendant was misnamed.[2] The Complaint names one Nevada entity, RHC, as a Defendant.[3] An Answer has been filed on behalf of that entity.[4] The Notice of Corrected Caption attempts to change the defendant to another entity, ML2, LLC, a Utah limited liability company.

The Federal Rules of Civil Procedure allow substitution of parties under only limited circumstances.[5] To add a different entity as a defendant ordinarily requires an Amended Complaint. Therefore, it is

ORDERED that Notice of Corrected Caption shall be disregarded.

DATED   May 26, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2]*Id.*

[3]Complaint, ¶ 2.

[4]Docket No. 5.

[5]*E.g.*, Fed. R. Civ. P. 25 (c) (allowing substitution where interest transferred).